# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOSHUA McCLAIN,                         :

    Plaintiff,                          :        Case No. 3:15cv00214

vs.                                     :        District Judge Thomas M. Rose
                                                                     Chief Magistrate Judge Sharon L. Ovington

CHECKNET,                               :

    Defendant.                          :

## REPORT AND RECOMMENDATIONS[1]

    Plaintiff Joshua McCain filed this case pro se in June 2015.  His Complaint alleges that Checknet is a "debt collection company located in Provo, UT ..." that transacts business in Ohio.  (Doc. #1, *PageID*# 2).  Plaintiff's claims include, in part, violations of the Fair Debt Collection Practices Act.

    On the day Plaintiff filed his Complaint, he paid the required filing fee.  Service of summons and Complaint was attempted by certified mail sent to Checknet at a specific address in Provo, Utah.  The address did not identify any particular person to whom the summons should be delivered.  On July 10, 2015, a U.S. Postal Service green card with an illegible signature (dated June 22, 2015) was returned to the Clerk of Court and docketed.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

(Doc. #7). Checknet's answer or other response to the Complaint was due on July 13, 2015. Checknet did not file a timely Answer or otherwise respond to the summons and Complaint.

On July 22, 2015, Plaintiff took a step on the road towards obtaining a default judgment against Checknet by filing a pro se Motion for Entry of Default Judgment. (Doc. #6). The Clerk of Court docketed the Entry of Default (Doc. #7) as Fed. R. Civ. P. 55(a) mandates. Plaintiff then took the next step next on the default-judgment road by filing his presently pending Motion for Entry of Default Judgment. (Doc. #7). Checknet opposes Plaintiff's Motion on the ground that he has not properly effected service of summons and the Complaint. (Doc. #11).

"Unless a named defendant agrees to waive service, the summons continues to be the *sine qua non*[2] directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999) (original italics) (footnote added). Absent either waiver or proper service, this Court does not have personal jurisdiction over the named defendant. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (and cases cited therein). "[I]f service of process was not proper, the court must set aside an entry of default." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (citations omitted).

---

[2] "*Sine qua non*" or "without which not" refers to "something on which something else necessarily depends." Black's Law Dictionary 1418 (8th ed. 2004).

Plaintiff bears the burden to effect service and to show that service has been perfected upon Checknet. *See Sawyer v. Lexington-Fayette Urban County Government*, 18 Fed. App'x. 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). Plaintiff contends that service upon Checknet was properly effective under the Ohio Rules of Civil Procedure.

In support of its Memorandum in Opposition, Checknet's General Manager Angela Kroft submits her sworn affidavit identifying the person who signed the green card as Elaina Roundy. (Doc. #11, *PageID#* 31). Kroft explains that Roundy is not a Checknet employee; she is an employee of an unrelated company located near Checknet. Kroft continues, "Elaina Roundy was providing receptionist services for Checknet while Checknet's receptionist was temporarily out of the office for a couple of hours. Elaina Roundy is not an agent authorized to accept service on Checknet's behalf." *Id*.

Rule 4(h) of the Federal Rules of Civil Procedure states that service upon a corporation, partnership, or unincorporated association may be effected in a judicial district of the United States either by serving the entity in the same manner as individuals are served under Fed. R. Civ. P. 4(e)(1); or "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service ...." Fed. R. Civ. P. 4(h)(1)(A)-(B).

Checknet, relying on Utah law, maintains that Plaintiff's service attempt was ineffective because Ms. Roundy was not an agent authorized by law to accept service on

3

behalf of Checknet. This argument would be well taken if the only method of service available to Plaintiff was dictated by Utah R. Civ. P. 4(d)(2)(B).[3] Plaintiff had an alternative option under federal law, which disjunctively permits service upon a corporation by following either state law "where the district court is located ...," – here, Ohio service law – or "where service is made ...." – there, Utah service law. Fed. R. Civ. P. 4(e)(1); *see* Fed. R. Civ. P. 4(h)(1)(A). Because federal law sets these as alternative service methods, compliance with either state's service law constitutes effective service. *Id*.

Plaintiff is correct that service on Checknet was properly accomplished under the Ohio Rules of Civil Procedure.[4] Ohio R. Civ. P. 4.2(F) provides that service of process upon a corporation may be effected by certified or express mail "at any of its usual places of business...." "The Ohio Supreme Court has held that 'service upon a corporation by certified mail is effective even if not specifically addressed to an officer or agent of that corporation.'" *Spears v. Kroger, Co.*, No. 1:05CV2832, 2006 WL 2044986, at *2 (N.D. Ohio, July 19, 2006) (citing *Samson Sales, Inc. v. Honeywell, Inc.*, 66 Ohio St.2d 290, 292 (1981)). This is precisely what Plaintiff did. He addressed the certified mail containing the summons and his Complaint to Checknet at its address in Provo, Utah without specifically

---

[3] This Utah Rule permits service by mail upon a corporation or commercial courier service "provided defendant's agent [is] authorized by appointment or law to receive service of process signs a document indicating receipt." Utah R. Civ. P. 4(d)(2)(B).

[4] Plaintiff incorrectly cites Ohio rules by referring to "OH Fed. R. Civ. P." (Doc. #12, *PageID#* 35. There is no doubt that he intended to cite the Ohio Rules of Civil Procedure because the particular rule numbers he provides match the Ohio Rules, rather than the Federal Rules, of Civil Procedure.

addressing it to an officer or agent of Checknet.  Once the certified mail was signed by Ms. Roundy and returned to Plaintiff, proper and effective service occurred upon Checknet because Ohio law recognizes the effectiveness of such service on "any person...."  Ohio R. Civ. P. 4.1(A)(1)(a); *see Samson Sales, Inc*., 66 Ohio St.2d at 292-93.

The fact that Ms. Roundy was not an authorized agent, or even a Checknet employee, does not matter.  Three Ohio rules direct the full analysis.  First, the Ohio procedural rule governing service of process on corporations provides alternatively:

> Service of process pursuant to [Ohio] Civ.R. 4 through Civ.R 4.6 ... shall be made as follows:
>
> (A) ...
>
> * * *
>
> (F) Upon a corporation either domestic or foreign: by serving the agent authorized by appointment or by law to receive service of process; ***or*** by serving the corporation at any of its usual places of business by a method authorized under Civ.R. 4.1(A)(1) ....

Ohio R. Civ. P. 4.2(F) (emphasis added).  Plaintiff's chosen method was to send the summons and Complaint by certified mail to one of Checknet's usual places of business in Provo, Utah.  But, did this certified-mail-service effort comply with Civ. R. 4.(A)(1)?

Ohio Civ. R. 4.1(A)(1)(a) takes a circular route with regard to service of out-of-state persons by stating, "Methods of out-of-state service ... are described in [Ohio] Civ.R. 4.3 and 4.5."  This momentarily raises the expectation that the answer to whether service on Checknet was proper will be found in Ohio Civ. R. 4.3.  (Rule 4.5 does not apply because it deals with service by publication).  Turning to Ohio R. Civ. P. 4.3(B)(1), "The clerk may

5

make service of process or other documents to be served outside the state in the same manner as provided in [Ohio] Civ.R. 4.1(A)(1) through 4.1(A)(3)." *See* Ohio R. Civ. P. 4.3(A)(1) (permitting service on an out-of-state "person," which broadly includes "corporations ... or any other legal entity ...." ).  Thus, around the analysis goes, returning to Ohio Civ. R. 4.1(A)(1), which spells out the proper methods of serving process by certified mail.  It provides:

> Service by United States certified ... mail.  Evidenced by return receipt signed by **any person**, service of any process shall be by United States certified or express mail unless otherwise permitted by these rules....

Ohio R. Civ. P. 4.1(A)(1)(a) (emphasis added).

Having reached this Rule with its reference to "any person" and the plain meaning of "return receipt signed by any person," *id.*, Ms. Roundy's signature on the certified-mail receipt establishes proper service upon Checknet.  *See United Fairlawn, Inc. v. HPA Partners*, 68 Ohio App.3d 777, 781 (1990) ("the mere fact R. McClain was not [HPA's] employee does not invalidate service.  A signed receipt by 'any person' at the usual place of business of the defendant is sufficient pursuant to the clear terms of [Ohio] Civ.R. 4.3(B)(1).  A civil defendant is not immune from certified mail service simply because it utilizes a non-employee mailroom.").  "Under Ohio law..., [t]here is no requirement that the person actually be authorized to accept service.  When a corporation holds itself out to the public as receiving mail at a particular address, it must take some minimal steps to insure that when certified mail service is directed to that address, it receives actual notice, and its

6

failure to do so cannot be attributed to the plaintiff, who is entitled to rely upon the address in requesting certified mail service." *Dailey v. R&J Commercial Contracting*, No. C2-01-403, 2002 WL 484988, at *3 (S.D. Ohio Mar. 28, 2002) (Smith, D.J.); *see also Adams, Babner & Gitlitz, L.L.C. v. Tartan Dev. Co. (W.)*), 2013 WL 1683613, at *3 (Ohio Ct. App., 10th Dist. (April 18, 2013) ("If a plaintiff follows the Ohio Rules of Civil Procedure that govern service of process, a presumption of proper service arises.... Tartan attempts to rebut this presumption by arguing that the signatory of the certified mail receipt and the address at which service was achieved are unknown and unrelated to Tartan. Tartan's unfamiliarity with [the signatory] does not invalidate proper service. As we stated above, a certified mail receipt signed by 'any person,' once returned to the clerk, establishes proper service....").

Accordingly, Plaintiff's Motion for Default Judgment is well taken.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's Motion for Entry of Default Judgment (Doc. #6) be GRANTED.


August 31, 2015                                s/Sharon L. Ovington
                                                  Sharon L. Ovington
                                          Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).